UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT VANCE,

    Plaintiff,

v.                                                                        Case No.: 8:08-cv-2173-T-24-EAJ

HFS-USA, INC.,

    Defendant.
_____/

## **ORDER**

The Court now considers Plaintiff Robert Vance's Motion for Entry of Default Final Judgment. (Doc. 29.)

**I.    Background**

Vance brought suit against Defendant, HFS-USA Inc., under the Fair Labor Standards Act for failure to provide overtime compensation for the hours that Vance worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). Initially, Defendant appeared and filed an answer in this case. (Doc. 6.) However, Defendant later refused to cooperate with its counsel or participate in this case. When Defendant's counsel sought to withdraw from the case, HFS-USA Inc., a Florida corporation, failed to appear at a court hearing as ordered. (Doc. 19.) HFS-USA Inc. then failed to retain new counsel after being given more than 30 days to do so.

On November 23, 2009, the Court directed the Clerk to enter default against Defendant. (Doc. 27.) After the Clerk entered the default, Vance filed this motion for default judgment.

## II. Discussion

The Fair Labor Standards Act provides that workers must be paid 150 percent of their hourly rate for the hours they work in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). Vance has submitted an affidavit in which he estimated the number of overtime hours he worked and stated that he was not paid at all for his overtime work. (Vance Aff. ¶¶ 6-12.) Vance estimated that he worked overtime hours for HFS-USA Inc. for 88 weeks and worked 16.25 overtime hours each week, totaling approximately 1,452 overtime hours. According to Vance's affidavit, Vance's regular wage during these 88 weeks was either $12.45 per hour, $13.10 per hour, or $13.31 per hour, depending on the pay period.[1] In his motion, Vance sought the additional hourly wage he claims is owed, or $34,220.87 in unpaid overtime. Additionally, pursuant to 29 U.S.C. § 216(b), he sought liquidated damages in the same amount, for a total of $68.441.74.

The Court has reviewed the record and finds that, accepting Vance's representations in his affidavit to be true, Vance is only entitled to $25,415.81 in unpaid overtime and the same amount in liquidated damages, for a total of $50,831.62.

Vance's affidavit contained two significant errors. (Doc. 29-2 ¶ 12.) First, Vance stated that there are 21 weeks between December 30, 2005 and April 1, 2006. However, the calendar shows that there are only 13 weeks during this three-month period. Thus, the Court awards $3,945.09—not $6,374.55—for this pay period. Second, Vance added $6,374.55 to $16,604.12 to $4,867.65 for a total amount of unpaid overtime of $34,220.87. However, when the Court

---

[1] Vance stated that he earned $12.45 per hour between December 30, 2005 and April 1, 2006, earned $13.10 per hour between April 1, 2006 and April 1, 2007, and earned $13.31 per hour between April 1, 2007 and July 20, 2007. (Vance Aff. ¶¶ 5, 7, 9.)

adds the same figures, it gets a total of $27,846.32. Thus, Vance added extra weeks to one pay period, and then added the three pay periods together incorrectly to get an inflated amount of overtime wages.[2]

Vance also sought an award of attorney's fees and costs. Plaintiff's counsel has submitted detailed billing records, showing that he spent 10.05 hours working on this case at a rate of $300 per hour. Additionally, the attorney's paralegal staff spent a total of 3.9 hours working on this case at a rate of $95 per hour. Upon review, the Court finds the rates and hours expended to be reasonable. As such, the Court finds that Vance is entitled to an award of $3,015 for the attorney's work and $370.50 for the paralegal's work for a total of $3,385.50 in attorney's fees.

Furthermore, the Court has reviewed Plaintiffs' request for costs of $428.75 and finds that $352.75 of the proposed costs are reasonable and should be awarded.[3]

## III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Final Judgment (Doc. 29) is **GRANTED**.

The Clerk is directed to enter judgment in favor of Plaintiff Robert Vance and against Defendant HFS-USA, Inc. for $25,415.81 in unpaid overtime wages, $25,415.81 in liquidated damages, and $3,385.50 in attorney's fees, and $352.75 in costs for a total amount of

---

[2] Also, the Court declines to round up the figures in determining the amount of unpaid wages in the third pay period between April 1, 2007 and July 20, 2007. This decision accounts for the Court's determination that Vance is $4,866.46 for this period—not $4,867.65.

[3] Vance has not provided enough specificity for the Court to determine what the $76.00 check labeled "Caplan, Caplan & Caplan; Disbursement for Client Advance" is, and therefore, will not award costs for this item.

$54,569.87.

The Clerk is also directed to close this case, terminate any pending motions, and cancel any scheduled hearings.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of December, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties & Counsel of Record
The Honorable Elizabeth A. Jenkins, United States Magistrate Judge